**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA,**

**VS.**                                 **CRIMINAL ACTION NO. 4:06CR104-P-B**

**JENNIFER BERRY,
JOHNNIE LEE WINFIELD, AND
REHABSOURCE, INC.,**                              **DEFENDANTS.**

## ORDER

This matter comes before the court upon the Government's Motion in Limine to Exclude Improper Argument and Inadmissible Evidence [30-1]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The Government moves to (1) exclude any reference to Defendant Jennifer Berry's record as a physician or commendations; (2) prohibit introduction of any evidence or any argument aimed at jury nullification; and (3) prohibit introduction of any evidence or reference to an alleged consultation with Dr. Kelly Mills, deceased.

Federal Rule of Evidence 404(a)(1) provides in pertinent part:

> Evidence of a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except (1) [e]vidence of a pertinent character trait offered by an accused, or by the prosecution to rebut the same ....

"[E]vidence may be offered only of 'pertinent' traits, a term apparently synonymous with 'relevant.'" *U.S. v. Hewitt*, 634 F.2d 237, 279 (5th Cir. 1981).

The question presented is whether evidence of Defendant Berry's reputation and commendations as a physician is pertinent, or relevant, to the charges against her in the Indictment.

1

Count 1 of the Indictment charges all defendants with conspiracy to commit health care fraud in violation of 18 U.S.C. § 371. Counts 2 through 12 charge Berry with health care fraud in violation of 18 U.S.C. §§ 1347 and 2. More specifically, Berry is charged along with Johnnie Lee Winfield with submitting false and fraudulent claims to Medicare for physical therapy services. Counts 13 through 14 charge Berry with making false claims contained in a demand to Centers for Medicare and Medicaid Services for reimbursement for services not provided by or under the supervision of Berry in violation of 18 U.S.C. § 287. Counts 15 and 16 charge Berry, Winfield, and Rehabsource, Inc. with representing that the services reflected in two claims had been performed by a licensed physician when in fact the technician in question was not a properly licensed physician or physical therapist all in violation of 18 U.S.C. § 1035. Count 17 through 26 charge Berry and Winfield with ten counts of money laundering to conceal their conspiracy to commit fraud, all in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i). Count 27 charges Winfield with providing a false Social Security Account Number in violation of 42 U.S.C. 408(a)(&)(B). Count 28 charges all defendants with criminal forfeiture of approximately $458,237 arising from the fraudulent activities pursuant to 18 U.S.C. § 982.

Having considered the question, the court does not presently see any reason why Defendant Berry's career history or commendations as a physician would be at all pertinent or relevant to the charges in the indictment. Although credibility is often an issue in any criminal prosecution, "not all criminal indictments impugn the defendant's truthfulness and veracity." *U.S. v. Jackson*, 588 F.2d 1046, 1055 (5th Cir. 1979). In other words, as an matter of principle, Berry's commendations as a physician bear no relevance to whether or not she committed the crimes of which she is accused since she could be the most competent, skilled physician in the world and still have committed

crimes. That is, being a good physician does not demonstrate *ipso facto* that a person is truthful. Therefore, the court concludes that as a preliminary matter, evidence of Berry's commendations as a physician will be excluded unless otherwise shown to be relevant under Fed. R. Evid. 401 and 402 before submission before the jury.

With regard to the Government's motion to exclude any arguments implying jury nullification, it goes without saying that any such statements are improper and would result in a mistrial. The court therefore grants this motion, recognizing that the Government has not demonstrated any particular intention on the defendants' part to make any jury nullification arguments or implications.

Finally, the court concludes that it is premature to rule upon whether the defendants can offer evidence that they consulted with a Dr. Kelly Mills who presumably approved and/or encouraged the defendants' actions. Any such statements are hearsay under Fed. R. Evid. 801 and 802. Since Dr. Mills is deceased, he is an unavailable declarant defined by Fed. R. Evid. 804(a)(4) and therefore the admissibility of any of his statements would be subject to the hearsay exceptions delineated in Rules 803 and 804(b).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Government's Motion in Limine to Exclude Improper Argument and Inadmissible Evidence [30-1] is **GRANTED IN PART AND DENIED IN PART** as discussed above.

**SO ORDERED** this the 30th day of January, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE