IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**UNITED STATES OF AMERICA,**

**VS.**                        **CRIMINAL ACTION NO. 4:06CR0104-P-B**

**JENNIFER BERRY, JOHNNIE LEE**
**WINFIELD, AND REHABSOURCE, INC.,**            **DEFENDANTS.**

## ORDER

This matter comes before the court upon the Government's Motion to Use Extrinsic Evidence [66]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The Government seeks to offer evidence that Defendant Johnnie Lee Winfield operated a physician directed group in Texas known as Advanced Rehab and that both defendants operated such a business in the Southern District of Mississippi known as The Rehab Center in a similarly illegal manner as they are alleged in this case to have done in their similar business, RehabSource, Inc., in Greenville, Mississippi. The Government seeks to offer evidence of these two prior "bad acts" in order to show intent, knowledge, and absence of mistake.

Fed. R. Evid. 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

"What the rule calls for is essentially a two-step test. First, it must be determined that the extrinsic

1

offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." *U.S. v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978), *cert. denied*, 440 U.S. 920 (1979).

Having considered the parties' arguments, the court concludes that the evidence is relevant to the issues of knowledge, intent, and absence of mistake and it is not substantially outweighed by unfair prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The Government's Motion to Use Extrinsic Evidence [66] is **GRANTED**; and

(2) The parties are to submit before trial an appropriate limiting jury instruction stating that the subject evidence may not be used "to show action in conformity therewith."

**SO ORDERED** this the 10th day of September, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE